IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

———————————————————————

JEANETTE WOOLSEY,

                                        Plaintiff,              Civil Action No.
                                                                1:17-CV-0033 (TJM/DEP)

        v.

DESIREE ANN MITZEL and CHARLES
MITZEL,

                                        Defendants.

———————————————————————

APPEARANCES:                                        OF COUNSEL:

FOR PLAINTIFF:

JEANETTE WOOLSEY, *Pro Se*
132 North Washington Street
Winchester, VA 22601

FOR DEFENDANTS:

NONE


DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

### REPORT AND RECOMMENDATION

        This is an action brought by *pro se* plaintiff Jeanette Woolsey against

two individuals who appear to have been granted custody of plaintiff's

biological daughter, "R.M.R." Following commencement of the action, which

was filed in another district, and its transfer to this court, plaintiff submitted

an amended complaint using a form designed to assert civil rights causes of

action pursuant to 42 U.S.C. § 1983, adding several defendants, providing a

more comprehensive description of her claim, and attaching a variety of

documents.

Although plaintiff has paid the statutory filing fee, I have reviewed

plaintiff's amended complaint based upon the inherent authority of the court.

Because I conclude that the court lacks jurisdiction of the causes of action

that are discernible, and the pleading is otherwise frivolous, I recommend

that plaintiff's amended complaint be dismissed, with leave to replead.

I.     BACKGROUND

Plaintiff commenced this action in the United States District Court for

the Eastern District of New York on or about October 5, 2016. Dkt. No. 1.

Plaintiff's complaint names Desiree Ann Mitzel and Charles Mitzel as

defendants, and is comprised of seven pages, including forty-five additional

pages of attachments of varying description. *See generally id.* In the

pleading, which is difficult to decipher, plaintiff appears to seek custody of

her biological daughter who, through New York State Family Court

proceedings, has been placed in the custody of defendants. *Id.* Following

commencement of the action, District Judge LaShann DeArcy Hall issued

an order, dated January 9, 2017, directing that it be transferred to this court pursuant to 28 U.S.C. § 1406(a).[1] Dkt. No. 7.

On or about January 27, 2017, prior to any appearance on behalf of the Mitzel defendants, plaintiff filed an amended complaint. Dkt. No. 12. The amended pleading is comprised of twenty-one pages and accompanied by 285 pages of attached exhibits. *Id.* In her amended complaint plaintiff seeks to add several defendants, including governmental agencies and departments, private entities, and public and private individuals. *Id.* Like its predecessor, plaintiff's amended complaint is difficult to interpret and appears to center upon her efforts to secure custody of her biological daughter and her interactions with various social services agencies and child protective services. *Id.*

II.   DISCUSSION

   A.   Authority to Review

Had plaintiff requested and been granted leave to proceed in the action without prepayment of fees, the court would had been required to review the claims set forth in her complaint for legal sufficiency under 28

---

[1]   Plaintiff has sought reconsideration of that court's transfer order. Dkt. No. 17. Although plaintiff's motion appears to be addressed to District Judge DeArcy Hall, a copy of the motion was filed with this court. *Id.* Once the action was transferred, the Eastern District of New York was divested of jurisdiction in the case, and lost the authority to review the transfer order. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516-17 (10th Cir. 1991); *accord, Hill Dermaceuticals, Inc. v. Galderma*, No. 03-CV-2509, 2003 WL 21146634, at *1 (S.D.N.Y. May 15, 2003).

U.S.C. § 1915(e). Plaintiff, however, did not request IFP status and instead paid the full filing fee upon commencing suit.

Despite the fact that plaintiff has paid the filing fee, the court is not divested of the power to review her amended complaint in this action *sua sponte*. It is well-established that the court possesses the inherent power to dismiss actions when they are frivolous. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000); *see also Preacely v. City of N.Y.*, 622 F. App'x 14, 15 (2d Cir. 2015); *MacKinnon v. City of N.Y./Human Res. Admin.*, 580 F. App'x 44, 45 (2d Cir. 2014). In addition, Rule 12(h)(3) requires the court to dismiss any action over which it does not have subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Rule 1 of the Federal Rules of Civil Procedure also compels the court to review plaintiff's amended complaint for legal sufficiency and compliance with applicable pleading requirements.[2]

---

[2]     Rule 1 of the Federal Rules of Civil Procedure provides as follows:

> These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.

B.    Analysis of Plaintiff's Amended Complaint

In reviewing plaintiff's amended complaint for legal sufficiency, the court has taken into consideration the deference owed to plaintiff as a *pro se* litigant. *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990). Undeniably, a court must exercise caution when ordering *sua sponte* dismissal of a *pro se* complaint, particularly before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations. *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). By the same token, however, the court has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff to proceed. *See, e.g., Fitzgerald*, 221 F.3d at 363. "Legal frivolity occurs when 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exist on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory,

for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

In this case, from what the court is able to discern from plaintiff's amended complaint, it is clear that it sets forth no cognizable legal cause of action over which this court has subject matter jurisdiction. As was noted above, plaintiff's amended complaint focuses on the return custody of her biological daughter following determinations in state family court placing the child in the custody of defendants. Such a claim, however, implicates the judicially recognized exception to federal subject matter jurisdiction in cases involving domestic relations. *Ankenbrandt v. Richards*, 504 U.S. 689, 701-04 (1992); *Thomas v. N.Y.C.*, 814 F. Supp. 1139, 1146 (E.D.N.Y. 1993). Specifically, the Supreme Court has "recognized a 'domestic relations exception' that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'"[3] *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12-13 (2004) (quoting *Ankenbrandt*, 504 U.S. at 703). Accordingly, to the extent plaintiff asserts a claim seeking a determination that she was improperly denied custody of her child, the court lacks

---

[3] "[A]lthough the domestic relations exception originated in the context of diversity cases, some courts have applied the exception in cases based upon federal question jurisdiction since the policy considerations which underlie the domestic relations exception may apply with equal force in cases arising under the court's federal question jurisdiction." *Thomas*, 814 F. Supp. at 1146 (citations omitted).

jurisdiction to hear such a claim.

In addition, because plaintiff's claims appear to seek reversal of the judgments rendered by state family court judges, the *Rooker-Feldman* doctrine precludes litigation of all or some of plaintiff's claims.[4]  That legal doctrine recognizes that, with the exception of the Supreme Court, federal courts are not authorized to exercise appellate jurisdiction over state court judgments. *McKithen v. Brown*, 481 F.3d 89, 96 (2d Cir. 2007). In the Second Circuit, *Rooker-Feldman* applies when the following four requirements are satisfied: (1) the federal-court plaintiff must have lost in state court, (2) the plaintiff must complain of injuries caused by a state-court judgment, (3) the plaintiff must invite district court review and rejection of that judgment, and (4) the state-court judgment must have been rendered before the district court proceedings commenced. *McKithen*, 491 F.3d at 97. "A plaintiff may not overcome the doctrine and seek a reversal of a state court judgment 'simply by casting his complaint in the form of a civil rights action.'" *Rabinowitz v. N.Y.*, 329 F. Supp. 2d 373, 376 (E.D.N.Y. 2004) (quoting *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993)). "[A] federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are

---

[4]      *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." *McKithen*, 481 F.3d at 97. Accordingly, to the extent plaintiff's amended complaint seeks reversal of the family courts' decisions granting custody of plaintiff's daughter to defendants, such a claim is barred by *Rooker-Feldman*.

Lastly, with respect to any claim that may be asserted in plaintiff's amended complaint that squarely implicates this court's jurisdiction for any reason, the general difficulty presented in evaluating the pleading is that it is rambling, disjointed, and difficult to construe, making the task of determining whether it states a cognizable cause of action in this court an exceedingly difficult one. As was previously noted, the amended complaint consists of twenty-one pages of handwritten ramblings with little or no organization. Equally troubling is the fact that it is accompanied by 285 pages of exhibits that are not organized or indexed, and many of which bear extensive, and often illegible, handwriting.

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an

adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

Plaintiff's amended complaint is anything but a short and plain statement of her asserted claim(s). Moreover, the amended complaint fails to comply with Rule 10 of the Federal Rules of Civil Procedure, which provides, in relevant part, that "[a] party must state its claims or defenses in numbered paragraphs, *each limited as far as practicable to a single set of circumstances*." Fed. R. Civ. P. 10(b) (emphasis added).

Having carefully considered plaintiff's amended complaint against the foregoing backdrop, and in particular remaining mindful of this court's jurisdictional limitations and Rules 8 and 10 of the Federal Rules of Civil Procedure, I recommend that plaintiff's amended complaint be dismissed.[5]

---

[5]    It is worth noting that Senior District Judge Thomas J. McAvoy recently issued a decision and order with respect to a motion filed by plaintiff seeking a temporary restraining order. Dkt. No. 21. In addition to citing the domestic relations and *Rooker-Feldman* exceptions to jurisdiction, in his decision Judge McAvoy opined that plaintiff's claims that request the court to restore custody of her daughter with plaintiff are also barred by the abstention doctrine pursuant to *Younger v. Harris*, 404 U.S. 37 (1971), in light of ongoing related state court proceedings. *Id.* at 6-10. In light of that analysis, I recommend dismissal of plaintiff's claims concerning custody on that legal doctrine, as well.

C.    Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this case, the deficiencies identified above with respect to plaintiff's causes of action that seek custody of her biological daughter and/or to overturn the judgments of the New York State Family Courts granting custody of the child to defendants are substantive in nature, and no further pleading could cure them. Accordingly, I do not recommend that plaintiff be granted leave to file a second amended complaint to reassert those causes of action. However, in light of plaintiff's status as a *pro se* litigant, I recommend that she be granted leave to amend her pleading to the extent she has attempted to raise any other causes of action implicating the court's jurisdiction.

If plaintiff chooses to file a second amended complaint, she should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any second amended complaint, plaintiff must clearly set forth the facts that give rise to the claims, including the dates, times, and places of the alleged

underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Plaintiff is informed that any such second amended complaint will replace the existing amended complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

Finally, with respect to the manner in which plaintiff styles and organizes any second amended complaint, plaintiff is reminded that any such pleading must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure, in that it must make allegations that are separated into numbered paragraphs for ease of response by defendants, and that clearly articulate the claims asserted, bearing in mind the jurisdictional issues discussed in this report. While any second amended complaint may be accompanied by exhibits, plaintiff should submit them in original form

without editorial comments because, at least with respect to her amended

complaint and its accompanying attachments in their current form, it is

unclear whether defendants are obligated to respond to the handwritten

notations placed on many of the attachments. Plaintiff's second amended

complaint should also succinctly and clearly state the relief she is seeking in

a manner that permits the court to determine whether it has subject matter

jurisdiction to grant the relief sought.

III.    SUMMARY AND RECOMMENDATION

Liberally construing plaintiff's amended complaint, it appears that she

is attempting to assert causes of action over which the court does not have

jurisdiction. Much of the amended pleading, moreover, is not clearly

discernible and violates Rules 8 and 10 of the Federal Rules of Civil

Procedure. Accordingly, it is hereby respectfully

RECOMMENDED that plaintiff's amended complaint (Dkt. No. 12) be

DISMISSED as frivolous, with leave to replead only with respect to claims

that do not directly relate to plaintiff's attempt to regain custody of her

biological daughter, as this court does not have jurisdiction over them.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge

written objections to the foregoing report. Such objections must be filed with

the clerk of the court within FOURTEEN days of service of this report.[6]

FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE

APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72;

*Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this

report and recommendation upon the parties in accordance with this court's

local rules.

Dated:      March 6, 2017
            Syracuse, New York

David E. Peebles
U.S. Magistrate Judge

---

[6]     If you are proceeding *pro se* and are served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).