IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

JEANETTE WOOLSEY,

        Plaintiff,

v.

DESIREE ANN MITZEL, *et al.*,

        Defendants.

Civil Action No.
1:17-CV-0033 (TJM/DEP)

---

APPEARANCES:

FOR PLAINTIFF:

JEANETTE WOOLSEY, *Pro se*
132 North Washington Street
Winchester, VA 22601

FOR DEFENDANTS:

NONE

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

    This is an action brought by *pro se* plaintiff Jeanette Woolsey against twenty four individuals, entities, and municipal agencies that have been allegedly involved in the removal of plaintiff's minor daughter, R.M.R., from plaintiff's custody. Although plaintiff originally brought the action in the

Eastern District of New York in October 2016, the case was transferred to this district on January 11, 2017. Following a review of plaintiff's then-operative, first amended complaint, the court dismissed the pleading with leave to amend.[1] Plaintiff has availed herself of the opportunity to file a second amended complaint ("SAC"), which has been referred to me again for review. For the reasons set forth below, I recommend plaintiff's SAC be dismissed.

I. BACKGROUND

Plaintiff's SAC, which is comprised of fifty pages and an additional fifty-three pages of exhibits, contains a multitude of generally unclear and redundant allegations. *See generally* Dkt. No. 32. In general, and often without any specifics, plaintiff alleges that all of the defendants have collectively conspired to kidnap R.M.R. *See, e.g., id.* at 3. Based upon what the court can glean from her often rambling and repetitive SAC, it appears plaintiff alleges that on May 14, 2009, R.M.R. was removed from plaintiff's custody by certain individual defendants and that other defendants conspired to ensure that R.M.R. did not return to plaintiff's custody. Although it is unclear precisely where, when, and which particular defendants allegedly "kidnapped" R.M.R., the SAC includes some

---

[1] By that time, plaintiff had already filed a first amended complaint as of right.

allegations indicating that an order was issued by the Orange County Family Court granting defendants Desiree and Charles Mitzel ("the Mitzel defendants") custody of R.M.R. *Id.* at 9. According to plaintiff, because R.M.R. was a resident of the State of New Jersey at the time she was removed from plaintiff's custody, the State of New York, including the Orange County Family Court, did not have authority to render any determination regarding the custody of R.M.R. *Id.* at 14-15. The SAC includes other, tangentially related allegations, including allegations regarding how the custody determinations of R.M.R. have affected interstate commerce and involved racketeering. *Id.* at 10, 14. Plaintiff indiscriminately accuses all defendants of violating the Parental Kidnapping Prevent Action of 1980 ("PKPA"), the Uniform Child-Custody Jurisdiction and Enforcement Act ("UCCJEA"), and her rights under the several amendments to the United States Constitution. As relief, plaintiff seeks money damages. *Id.* at 35.

II. DISCUSSION

    A. Authority to Review Plaintiff's SAC

As was explained in my report and recommendation concerning plaintiff's first amended complaint, despite the fact that plaintiff has paid the filing fee, the court is not divested of the power to review her

complaints in this action *sua sponte*. It is well-established that the court possesses the inherent power to dismiss actions when they are frivolous. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000); *see also Preacely v. City of N.Y.*, 622 F. App'x 14, 15 (2d Cir. 2015); *MacKinnon v. City of N.Y./Human Res. Admin.*, 580 F. App'x 44, 45 (2d Cir. 2014). In addition, Rule 12(h)(3) requires the court to dismiss any action over which it does not have subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Rule 1 of the Federal Rules of Civil Procedure also arguably compels the court to review plaintiff's complaints for legal sufficiency and compliance with applicable pleading requirements.[2]

---

[2] Rule 1 of the Federal Rules of Civil Procedure provides as follows:

> These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.

4

B.   Analysis of Plaintiff's Second Amended Complaint

1.   Plaintiff's PKPA and UCCJEA Claims

Plaintiff's SAC primarily asserts causes of action under the PKPA[3] and UCCJEA. *See generally* Dkt. No. 32. The PKPA is a federal statute that "imposes a duty on the States to enforce a child custody determination entered by a court of a sister State if the determination is consistent with the provisions of the Act." *Thompson v. Thompson*, 484 U.S. 174, 175-76 (1988); *see also Yaw v. State of N.Y. Acting Through Chautauqua Cnty. Dep't of Soc. Servs.*, No. 09-CV-0499, 2009 WL 3817674, at *2 (W.D.N.Y. Nov. 13, 2009) ("Under the PKPA, 'the appropriate authorities of every State shall enforce according to its terms, and shall not modify except as provided in subsections (f), (g), and (h) of this section, any custody determination or visitation determination made consistently with the provisions of this section by a court of another State.'" (quoting 28 U.S.C. § 1738A(a)) (alteration omitted)). The UCCJEA, on the other hand, is not a federal law but a "uniform law that has been adopted by several states," *Cathey v. Harrison*, No. 16-CV-0545, 2016 WL 4494446, at *2 (E.D. Calif. Aug. 25, 2016), including New York. N.Y. D.R.L. § 75. States enact the UCCJEA to enforce the PKPA. *See, e.g.,*

---

[3]   The PKPA is codified at 28 U.S.C. § 1738A.

5

*Johnson v. Henneghan*, No. 12-CV-1023, 2012 WL 2467028, at *2 (D. D.C. June 28, 2012). Because it is well settled, however, that the PKPA does not provide a federal cause of action, *Thompson*, 484 U.S. at 175; *Johnson*, 2012 WL 2467028, at *2; *Yaw*, 2009 WL 3817674, at *2, plaintiff's PKPA and UCCJEA causes of action should be dismissed for lack of jurisdiction.

      2.    <u>Plaintiff's Claims Involving Defendants' Actions Taken in Furtherance of the Orange County Family Court's Custody Determination</u>

Although far from a model of clarity, plaintiff alleges throughout the SAC that the Orange County Family Court's determinations that ultimately deprived her of custody of R.M.R. served as the catalyst for many, if not all, of the named defendants' actions now complained of. Any cause of action that could be construed as arising from such allegations squarely implicate the *Rooker-Feldman*[4] doctrine, which, as I explained in my earlier report addressing plaintiff's first amended complaint, is a doctrine recognizing that, with the exception of the Supreme Court, federal courts are not authorized to exercise appellate jurisdiction over state court judgments. *McKithen v. Brown*, 481 F.3d 89, 96 (2d Cir. 2007). In the Second Circuit, *Rooker-Feldman* applies when the following four

---

[4]     *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

requirements are satisfied: (1) the federal-court plaintiff must have lost in state court, (2) the plaintiff must complain of injuries caused by a state-court judgment, (3) the plaintiff must invite district court review and rejection of that judgment, and (4) the state-court judgment must have been rendered before the district court proceedings commenced. *McKithen*, 491 F.3d at 97. "A plaintiff may not overcome the doctrine and seek a reversal of a state court judgment 'simply by casting his complaint in the form of a civil rights action.'" *Rabinowitz v. N.Y.*, 329 F. Supp. 2d 373, 376 (E.D.N.Y. 2004) (quoting *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993)).

Throughout the SAC, plaintiff complains of defendants' actions that were the product of the Orange County Family Court's custody determination. For example, plaintiff alleges that the Orange County Family Court granted temporary custody of R.M.R. to the Mitzel defendants, and, in taking custody of R.M.R. pursuant to that court order, the Mitzel defendants have violated plaintiff's due process rights. *See, e.g.,* Dkt. No. 32 at 9. Such claims, however, are barred by the *Rooker-Feldman* doctrine and this court lacks jurisdiction over them. *See McKithen v. Brown*, 481 F.3d 89, 96 (2d Cir. 2007) ("[A] federal suit complains of injury from a state-court judgment, even if it appears to

complain only of a third party's actions, when the third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it."). Accordingly, I recommend that any cause of action asserted against any defendant for conduct taken as a result of or in an effort to enforce the Orange County Family Court's custody determinations be dismissed.

### 3. Plaintiff's Remaining Claims

To the extent that any of plaintiff's causes of action survive the foregoing review and implicate the court's jurisdiction, I recommend they be dismissed for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. As was previously explained to plaintiff, Rule 8 provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted). In the same spirit, Rule 10 provides, in relevant part, that "[a] party must state its claims or defenses in numbered paragraphs, *each limited as far*

*as practicable to a single set of circumstances.*" Fed. R. Civ. P. 10(b) (emphasis added).

Plaintiff's SAC clearly does not comply with either of the foregoing rules. The SAC, similar to plaintiff's first amended complaint, is not organized into discrete paragraphs but rather reads generally in narrative form. In addition, also like plaintiff's first amended complaint, the SAC is disjointed, rambling, and, although it is of considerable length, it generally fails to include the necessary details to construe a cognizable cause of action against any defendant. Of most importance, however, is that the allegations contained in the complaint are not drafted in a manner that would permit any of the defendants a fair opportunity to intelligently respond and allow this case to proceed in an orderly manner. Accordingly, plaintiff's SAC should be dismissed for this reason, as well.

C. <u>Whether to Permit Amendment</u>

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp.

986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this instance, plaintiff has submitted to the court three versions of a complaint, and none of them have been determined to include a cognizable cause of action against any of the named defendants. Having reviewed the various iterations of her pleadings, it is clear to me that plaintiff is complaining of conduct that occurred in state court and related to state-court custody determinations. As I explained in both my previous

10

report and again above in parts III.B.1. and III.B.2. of this report, federal courts do not have jurisdiction to hear such cases. Indeed, these jurisdictional limitations are consistent with the federal courts' long-standing tradition of refusing to resolve domestic relations disputes. *See, e.g., Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 13 (2004), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377 (2014) ("One of the principal areas in which this Court has customarily declined to intervene is the realm of domestic relations. Long ago we observed that the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." (quotation marks omitted)). Moreover, to the extent that any additional constitutional claims that I have recommended be dismissed as incoherent and failing to comply with the relevant rules governing pleading are cognizable, those claims may be heard in state court, where any other cause of action over which federal courts do not have jurisdiction may be litigated. Accordingly, I recommend that plaintiff be denied any further opportunity to amend her complaint and the action be dismissed, without prejudice to plaintiff's right to commence the action in another forum, if appropriate.

III. SUMMARY AND RECOMMENDATION

Plaintiff has submitted her SAC in an attempt to cure the deficiencies identified earlier by the court with her first amended complaint. Construing that SAC to the extent possible, it appears that the court does not have jurisdiction to hear most of the causes of action asserted in plaintiff's SAC. With respect to any claim over which the court may have jurisdiction, the nature of the SAC is drafted in such a manner that does not allow defendants a fair opportunity to respond to those claims. Accordingly, it is hereby respectfully

RECOMMENDED that plaintiff's second amended complaint (Dkt. No. 32) be DISMISSED and plaintiff be denied any further opportunity to amend her complaint, without prejudice to refiling the action in a different forum, if appropriate.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[5] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE

---

5    If you are proceeding *pro se* and are served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the

12

APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the plaintiff in accordance with the court's local rules.

Dated: June 12, 2017
Syracuse, New York

*[signature]*

David E. Peebles
U.S. Magistrate Judge

---

deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).